IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MERZ NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:15-CV-262-H-KS |
| | ) | |
| CYTOPHIL, INC., d/b/a REGENSCIENTIFIC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CYTOPHIL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:16-CV-745-H-KS |
| | ) | |
| MERZ NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & RECOMMENDATION**

This matter is before the court on Merz North America, Inc.'s motion to dismiss *Cytophil, Inc. v. Merz North America, Inc.*, No. 5:16-CV-745-H-KS, pursuant to Rules 41(a)(1)(B) and 13(a) of the Federal Rules of Civil Procedure [DE #32], the motion having been referred to the undersigned by Senior United States District Judge Malcolm J. Howard for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties have filed an appropriate response and reply, and the motion is ripe for adjudication.

**BACKGROUND**

These consolidated actions concern U.S. Patent No. 6,537,574 ("the '574 Patent") concerning a soft tissue augmentation material, which patent is held by Merz North America, Inc. ("Merz"). Cytophil, Inc. ("Cytophil") is a competitor of Merz and an alleged infringer of the '574

Patent. Pertinent to the motion presently before the court are the following three actions concerning the '574 Patent:

**First Action**

On June 18, 2015, Merz filed an action against Cytophil asserting it had infringed Merz's '574 patent through the manufacture, marketing, and sale of Cytophil's Renu® Voice product. *Merz North America, Inc. v. Cytophil*, No. 5:15-CV-262-H-KS (filed June 18, 2015) ("First Action"). Cytophil filed its answer on July 7, 2015, asserting various defenses and counterclaims against Merz. On September 4, 2015, Cytophil filed a motion, with Merz's consent, requesting that it be allowed to withdraw its counterclaims for judgment declaring the '574 Patent unenforceable and for Sherman Act violations. The court granted Cytophil's motion and dismissed the counterclaims by order entered September 10, 2015.

**Second Action**

On February 4, 2016, Cytophil filed an action against Merz in the United States District Court for the Eastern District of Wisconsin. *Cytophil, Inc. v Merz North America, Inc.*, No. 2:16-CV-127-DEJ (E.D. Wis. filed Feb. 4, 2016) ("Second Action"). In that action, Cytophil asserted claims of false marking under the Patent Act, 35 U.S.C. § 292, and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). Cytophil alleged, *inter alia*, that Merz had marked its products with the '574 Patent knowing the products were not covered by the patent and in an effort to eliminate or decrease lawful competition. On March 31, 2016, and prior to any answer being filed, Cytophil filed a notice voluntarily dismissing the action.

**Third Action**

Six days after the dismissal of the Second Action, Cytophil filed another action against Merz in the United States District Court for the Eastern District of Wisconsin. *Cytophil, Inc. v*

*Merz North America, Inc.*, No. 2:16-CV-423-LA (E.D. Wis. filed Apr. 6, 2016) ("Third Action"). In its complaint, Cytophil asserted claims of false marking, Sherman Act violations, and commercial disparagement, all of which are alleged to have arisen out of Merz's marking of its products with the '574 Patent. With the consent of the parties, that action was transferred to this district on August 16, 2016. (*See Cytophil, Inc. v Merz North America, Inc.*, No. 5:16-CV-745 (E.D.N.C.) [DE #67].) On August 30, 2016, the court consolidated the action with Merz's action against Cytophil (the First Action). (Order Consolidating Actions, *Cytophil, Inc. v Merz North America, Inc.*, No. 5:16-CV-745 (E.D.N.C.) [DE #78].)

Prior to the transfer, Merz filed the motion presently before the court in which Merz seeks to dismiss Cytophil's claims in the Third Action pursuant to Rules 41(a)(1)(B) and Rule 13(a) of the Federal Rules of Civil Procedure.

## DISCUSSION

### I. Rule 41(a)(1)(B)

Merz first contends that Cytophil's claims against Merz are barred as a matter of law because they arise out of the same transaction as the claims twice raised and dismissed by Cytophil. Merz argues that Cytophil's dismissal of the Second Action operated as an adjudication on the merits under Rule 41(a)(1)(B) because the claims raised in that suit are based on the same transaction as the counterclaims raised and thereafter dismissed by Cytophil in the First Action.

An action may be voluntarily dismissed by a plaintiff without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Unless otherwise stated, a voluntary dismissal by notice or stipulation is ordinarily without prejudice. Fed. R. Civ. P. 41(a)(1)(B). However, under the "two-dismissal" rule set forth in Rule

3

41(a)(1)(B), "a notice of dismissal operates as an adjudication on the merits" "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim." *Id.*

Notably, "[t]he 'two dismissal' rule only applies where the entire action has been dismissed against a defendant, rather than when only one or more claims have been dismissed." 9 Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2368 (3d ed. 2016).

> Both Rules 41(a)(1) and 41(a)(2) apply by their terms to dismissal of an "action." The reference to an "action" in Rule 41(a) contrasts with Rule 41(b), which provides that "a defendant may move for dismissal of an action or of any claim against him."

*Smith, Kline & French Labs. V. A.H. Robins Co.*, 61 F.R.D. 24, 28 (E.D. Pa. 1973) (discussing former version of Rule 41); *see also Skinner v. First Am. Bank*, No. 93-2493, 1995 WL 507264, at *5 (4th Cir. 1995). This interpretation is supported by the rule's policy, which is to prevent abuse of the privilege of dismissal by notice as permitted by Rule 41(a)(1). *Smith, Kline & French Labs.*, 61 F.R.D. at 30.

It is also widely accepted that the two-dismissal rule only applies to dismissals by notice. "It does not apply to a dismissal by stipulation, nor to an involuntary dismissal, nor to a dismissal by a district court order under Rule 41(a)(2)." 9 FEDERAL PRACTICE & PROCEDURE § 2368 (footnotes omitted). To apply the rule in those circumstances would not serve the purpose of preventing duplicative, wasteful and harassing litigation. Furthermore, where a plaintiff requests permission to dismiss his action, the court has discretion to order dismissal with prejudice if a subsequent suit against the defendant would be oppressive. *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963) (discussing the court's discretion, under former version of Rule 41, to grant or deny a motion to dismiss upon "such terms and conditions as the court deems proper"); *see also* Fed. R. Civ. P. 41(a)(2) (authorizing court to dismiss an action "at the plaintiff's request . . . on terms that the court considers proper").

4

Contrary to Merz's argument, the two-dismissal rule does not apply here. Even assuming Cytophil has raised the "same claim" in all three actions, Cytophil has not dismissed two actions based on or including such a claim. Rather, Cytophil's claims were first raised, not in an action by Cytophil but as counterclaims in the First Action, which was brought by Merz. While the court subsequently allowed Cytophil's motion to withdraw its counterclaims, Cytophil did not dismiss an "action." Nor did it dismiss any claims by notice.

The only "action" dismissed by Cytophil was the Second Action, which Cytophil brought against Merz in the United States District Court for the Eastern District of Wisconsin on February 4, 2016. On March 31, 2016, and prior to any answer being filed in the case, Cytophil filed a notice voluntarily dismissing that action pursuant to Rule 41(a)(1)(A)(i). Although Cytophil may have raised the same claims in all three actions, its dismissal of the Second Action did not come after Cytophil had, by notice, "dismissed any federal- or state-court action based on or including the same claim." Thus, its dismissal of the Second Action did not operate as an adjudication on the merits.

**II.     Rule 13(a)**

Merz further contends that Cytophil's pending action against Merz (the Third Action) should be dismissed because the claims raised therein are compulsory counterclaims to the First Action. Under Rule 13(a), "a party that does not assert its compulsory counterclaim in the first proceeding has waived its right to bring the counterclaim and is forever barred from asserting that claim in future litigation." *Polymer Indus. Prods. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003). "The reason for compelling the litigant to interpose compulsory counterclaims is to enable the court to settle all related claims in one action, thereby avoiding a

5

wasteful multiplicity of litigation on claims arising from a single transaction or occurrence." 6 Arthur R. Miller *et al.*, FEDERAL PRACTICE & PROCEDURE § 1409 (3d ed. 2016).

The problem with Merz's argument is that the Third Action has been transferred to this court and consolidated with Merz's action against Cytophil (the First Action). Cytophil's claims have effectively been made part of the First Action, as much as if asserted as counterclaims to Merz's complaint. The court will be able to resolve all claims in one action, and no multiplicity of litigation will be involved. Accordingly, Merz's motion to dismiss the Third Action should be denied.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that Merz's motion to dismiss [DE #32] be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **March 2, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district

judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 16th day of February 2017.

KIMBERLY A. SWANK
United States Magistrate Judge