IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MERZ NORTH AMERICA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.: 5:15-CV-262-H-KS |
| CYTOPHIL, INC. d/b/a REGENSCIENTIFIC, | ) | |
| Defendant. | ) | |
| CYTOPHIL, INC | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.: 5:16-CV-745-H-KS |
| MERZ NORTH AMERICA, INC., | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the court on Merz North America, Inc.'s motion to dismiss <u>Cytophil, Inc. v. Merz North America, Inc.</u>, No. 5:16-CV-745-H-KS, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [DE #35]. Magistrate Judge Kimberly A. Swank filed a Memorandum and Recommendation ("M&R") on February 21, 2017, recommending that the motion be granted in part and denied in part and that the court allow Cytophil fourteen days

to amends its pleading to reassert its claim in Count V under North Carolina law. Merz filed objections to the M&R, and Cytophil responded to the objections. This matter is ripe for adjudication.

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

First, Merz objects that Cytophil has failed to plead a relevant product market for purposes of the Sherman Act. They argue that the magistrate judge misinterpreted E.I. DuPont de Nemours & Co. v. Kolon Indus., 637 F.3d 435 (4th Cir. 2011). They also argue that the FDA's MIX code is not helpful in defining the product markets here. Further, they argue that Cytophil did not account for substitutes outside of Cytophil's alleged product markets, and that Cytophil inappropriately defined the market purposefully to include only Cytophil's and Merz's products. Cytophil responds in opposition, carefully detailing why each of these arguments fails. Having considered this issue de novo, the court finds this objection to be without merit. The magistrate judge correctly found that Cytophil has plausibly alleged a relevant market.

Next, Merz objects that Cytophil has not plausibly alleged an antitrust injury. Merz's objection ignores the specific allegations of the complaint, calling them vague, among other

2

things. The court has carefully reviewed the allegations of antitrust injury, and like the M&R, finds them properly pled. This objection is without merit.

Finally, Merz objects, arguing Cytophil has not plausibly alleged a competitive injury in its false marking claims. Unlike Merz's objections, this court finds the M&R correctly identifies and applies controlling precedent concerning the definition of "competitive injury" under 35 U.S.C. § 292. Further, Merz's objection inaccurately refers to the complaint as vague, conclusory, and lacking facts. However, this court has reviewed the complaint and finds Cytophil's pleading to be satisfactory at this stage of the litigation. Therefore, Merz's final objection fails.

For the reasons stated in the response to the objections and for the additional reasons stated above, the court finds no merit to Merz's objections to the M&R. A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved. Accordingly, the court adopts the recommendation of the magistrate judge as its own. For the reasons stated therein, the motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) [DE #35] are GRANTED IN PART and DENIED IN PART. Count V of Cytophil's complaint is hereby dismissed without prejudice. Cytophil has fourteen days from the

3

date of entry of this order to amend its pleading to reassert its claim, if any, under North Carolina law.

This  30th day of March 2017.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26