IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


MERZ NORTH AMERICA, INC.,            )
                                     )
     Plaintiff,                      )
                                     )
     v.                              )        NO.: 5:15-CV-262-H-KS
                                     )
CYTOPHIL, INC. d/b/a                 )
REGENSCIENTIFIC,                     )
                                     )
     Defendant.                      )
                                     )
                                     )
                                     )
CYTOPHIL, INC                        )
                                     )        NO.: 5:16-CV-745-H-KS
     Plaintiff,                      )
                                     )
     v.                              )
                                     )
MERZ NORTH AMERICA, INC.,            )
                                     )
     Defendant.                      )


## ORDER


     This consolidated action is before the court for construction

of certain claims involved in U.S. Patent No. 6,537,574 ("'574

Patent"). This matter was referred to United States Magistrate

Judge Kimberly A. Swank for entry of a memorandum and

recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1)(B). A

hearing was held and the parties submitted additional briefing

following the hearing. Judge Swank filed an M&R, recommending

that an order be entered constructing, for purposes of claims 1 and 25 of the '574 patent, the disputed claim terms as follows:

- "Rounded"—lacking jagged, sharp, or angular edges
- "Substantially spherical"—most of the particles are sphere-like or spheroidal
- "Substantially non-resorbable"—although some dissolution of the augmentation material may take place over time, it is sufficiently slow so as to allow for replacement with growing tissue cells.

Ctyophil objected to the M&R [DE #254} and Merz responded to the objections. [DE #255]. The court allowed Cytophil's request to file a reply brief, which Cytophil did [DE #263]. Merz has also filed a Notice of Suggestion of Subsequently Controlling Decided Authority. [DE #275]. These issues are ripe for adjudication.

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Cytophil objects to the construction of each term as follows:

## 1. Rounded

Cytophil objects to the M&R's construction of the term rounded to the extent it suggests that not all of the particles must be rounded. [DE #254 at 10]. Further, Cytophil asserts that "the M&R errs by failing to exclude other shape characteristics which the intrinsic record shows to be contrary to the meaning of 'rounded'." [DE #254 at 12]. The court has carefully reviewed the construction of rounded and finds Cytophil's objection to be without merit. The construction in the M&R is well-reasoned and the court hereby adopts it.

## 2. Substantially Spherical

Cytophil objects to the M&R's proposed construction of the claim term "substantially spherical" arguing it confuses terms used definitionally in the patent, is indefinite, and because it excluded the D-ratio disclosed definitionally by the applicant in the prosecution history as a method of measurement usable to objectively discern the distinction between particles sufficiently and insufficiently spheroidal for use in the claimed method.

The court agrees with Merz that this objection is vague. The court finds there is no issue of indefiniteness, but rather that substantially is a term of degree. Finally, Cytophil's argument regarding "D-ratios" was already addressed properly in the M&R.

This objection is without merit for the reasons stated in Merz's response.

### 3. Substantially Non-Resorbable

Cytophil does not object to this recommended construction to the extent that it reflects the fact that the patent allows that "some" amount of the claimed particle matrix "may" be resorbed, and such amount is only a small fraction of the claimed particle matrix. However, Cytophil contends the M&R's construction is vague on this critical matter and the reasoning proposed in connection with this matter is inaccurate and contradicts the intrinsic record of the '574 patent.

In this case, the '574 Patent specification expressly defines the term at issue. Therefore, Judge Swank adopted that definition. Further, it is unclear how exactly Cytophil wants this court to define the term and how it could reach another reasonable conclusion in light of the definition within the patent specification itself. For this reason, and for reasons detailed in the response to the objections [DE #255], this objection is without merit.

CONCLUSION

A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the

magistrate judge is, in all respects, in accordance with the law and should be approved. Accordingly, the court adopts the recommendation of the magistrate judge as its own and construes the claims as indicated in the M&R.

This __6th__ day of February 2019.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26